UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLORENTINO ALLENDE, ANTONIO JUAREZ,
SILVANO CABELLERO, ELEUTERIO CALIXTO,
JAVIER DE JESUS, SALVADOR DE JESUS,
ALEJANDRINO DIAZ, WENCESLAO DIAZ,
ADELAIDO GALEANA, RUFINO DE JESUS,
NICOLAS GALEANA, and OCTAVIO JUAREZ,

                Plaintiffs,

-against-

PS BROTHERS GOURMET, INC. D/B/A INDUS
VALLEY, PHUMAN SINGH, LAKHVIR SINGH
a.k.a. "BILLA,' NARESH MALHOTRA a.k.a.
"NEERAJ," and HARJEET SINGH a.k.a. "BOBBY,"

                Defendants.

Civil Action No. 11-cv-5427

ECF Case

---

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

FOX ROTHSCHILD LLP
Glenn S. Grindlinger, Esq.
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900
(212) 692-0940 (fax)

– and –

LAW OFFICES OF RICHARD FELIX
Richard Felix, Esq.
108 South Franklin Avenue, Suite 9
Valley Stream, NY 11580
(516) 872-8827
(516) 872-8853 (fax)

NY1 608026v1 09/28/12

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT.................................................................................................................................. 2

      I.     THE "ECONOMIC REALITY" TEST SHOWS THAT NARESH MALHOTRA IS NOT AN "EMPLOYER" UNDER APPLICABLE LAW ............................................................................................................................ 2

      II.    PLAINTIFFS' WERE NOT REQUIRED TO WEAR "UNIFORMS" ........... 6

      III.   DEFENDANTS' DEDUCTION OF THE SERVICE FEES CHARGED BY INTERNET PROVIDERS FROM EMPLOYEE GRATUITIES IS LAWFUL ................................................................................. 8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ayers v. 127 Restaurant Corp d/b/a Le Madri Restaurant*,
    12 F.Supp.2d 305 (S.D.N.Y. 1998) ..................................................................................7

*Baystate Alternative Staffing v. Herman*,
    163 F.3d 668 (1st Cir. 1998) ............................................................................................4

*Carter v. Dutchess Cmty. Coll.*,
    735 F.2d 8 (2d Cir. 1984) ....................................................................................2, 3, 5, 6

*Chan v. Sung Yue Tung Corp. d/b/a/ 88 Palace*,
    No. 03 civ. 6048, 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007) ........................................7

*Chao v. Vidtape, Inc.*,
    196 F.Supp.2d 281 (E.D.N.Y. 2002) ...............................................................................4

*Christensen v. Harris County*,
    529 U.S. 576 (2000) .........................................................................................................7

*Copantitla v. Fiskardo Estiatorio, Inc.*,
    788 F.Supp.2d 253 (S.D.N.Y. 2011) ...............................................................................8

*Herman v. RSR Security Servs. Ltd.*,
    172 F.3d 137 (2d Cir. 1999) ............................................................................................2

*Mendez v. Pizza On Stone, LLC*,
    No. 11 Civ. 6316 (DLC), 2012 WL 3133522 (S.D.N.Y. Aug. 1, 2012) ........................5

*Morales v. Cancun Charlie's Restaurant*,
    No. 3:07-cv-1836 (CFD), 2010 WL 7865081 (D.Conn. Nov. 23, 2010) ......................4

*Myers v. The Copper Cellar Corp.*,
    192 F.3d 546 (6th Cir. 1999) ......................................................................................9, 10

*Nicholson v. Twelfth St. Corp. d/b/a Village Den Rest.*,
    No. 09 Civ. 1984, 2010 WL 1780957 (S.D.N.Y. May 4, 2010) .....................................8

*Ramirez v. CSJ & Co., Inc.*,
    No. 06 Civ. 13677, 2007 WL 70081 (S.D.N.Y. Mar. 6, 2007) ......................................8

*Widjaja v. Kang Yue USA Corp.*,
    No. 09-cv-2089 (RRM)(CLP), 2011 WL 4460642 (E.D.N.Y. Sept. 26, 2011) ...........10

*Zheng v. Liberty Apparel Co.*,
    355 F.3d 61 (2d Cir. 2003) ..............................................................................................2

*Zhong v. Mo*,
   No. 10-cv-0806 (RER), 2012 WL 2923292 (E.D.N.Y. July 18, 2012) ...................................3

**OTHER AUTHORITIES**

12 N.Y.C.R.R. § 137-3.13 .................................................................................................................8

12 N.Y.C.R.R. § 146-3.10 .................................................................................................................8

12 N.Y.C.R.R. § 146-1.7(b)...............................................................................................................8

N.Y.D.O.L. Op. Ltr., RO-07-0132 (Feb. 6, 2008)............................................................................7

U.S.D.O.L. Op. Ltr. FLSA2004-1NA (March 30, 2004) ................................................................7

U.S.D.O.L. Op. Ltr. WH-511 (July 31, 1981) .................................................................................8

Defendants PS Brothers Gourmet, Inc, d/b/a Indus Valley ("Indus Valley" or the "Restaurant"), Phuman Singh, Lakhvir Singh, Harjeet Singh, and Naresh Malhotra (collectively "Defendants") respectfully submit this reply memorandum of law in further support of their Motion for Partial Summary Judgment.

## PRELIMINARY STATEMENT

A review of Plaintiffs' opposition papers reveals that there is no genuine issue of material fact and that based on well-established law under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), Naresh Malhotra is not an "employer" and all claims against him should be dismissed. In addition, Defendants are entitled to summary judgment on Plaintiffs' claims for reimbursement of uniform expenses and uniform maintenance fees, as well as their claim that Defendants withheld gratuities by deducting internet delivery provider fees. Accordingly, those claims against all of the Defendants should also be dismissed.

As set forth in Defendants' moving papers the economic realities clearly show that Mr. Malhotra does not have the authority, power, or control over the working conditions that caused the alleged wage and hour violations at issue. Plaintiffs' opposition does not negate these facts and thus under the FLSA and NYLL, Mr. Malhotra is not an "employer." Therefore, all claims against him should be dismissed.

Plaintiffs desperately try to save their uniform claims by asserting that the trier of fact should determine if Plaintiffs were required to wear a uniform. However, the United States and New York Departments of Labor have held in a series of opinion letters that the required clothing at issue is not a uniform under the law. This Court should defer to those opinion letters and dismiss Plaintiffs' uniform claims as a matter of law.

Finally, with respect to the internet delivery provider fee deductions, Plaintiffs argue that the fees charged by credit card companies are different than the fees charged by internet delivery

providers. However, Plaintiffs do not offer any meaningful distinction between the two fees. Further, the rationale behind permitting employers to deduct credit card fees from employee gratuities applies with equal force to internet delivery provider fees. Accordingly, it was permissible for Indus Valley to deduct internet delivery provider fees from Plaintiffs' gratuities.

## ARGUMENT

### I. THE "ECONOMIC REALITY" TEST SHOWS THAT NARESH MALHOTRA IS NOT AN "EMPLOYER" UNDER APPLICABLE LAW

As discussed in Defendants' moving papers, Mr. Malhotra cannot be individually liable for the purported wage and hour violations because he is not an "employer" under the FLSA and NYLL. Plaintiffs' opposition does not change this fact. Indeed, Plaintiffs' opposition merely tries to cloud the record with isolated incidents and trivial facts and attenuations. However, the Court should have no difficulty reaching the conclusion that the economic realities show that Mr. Malhotra is not an "employer" and all claims against him should be dismissed.

Under both the FLSA and NYLL, an individual can only be liable if the "economic realty" of the situation demonstrates that the purported employer exercised significant control over the workers in question. *See Herman v. RSR Security Servs. Ltd.*, 172 F.3d 137, 139 (2d Cir. 1999). In determining whether the purported employer exercises such control, the Second Circuit has created two separate tests. *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) *and Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003). In their opposition papers, Plaintiffs concede that the *Zheng* test factors are not applicable to Mr. Malhotra. (Plaintiffs' Opp. 8-10.[1]) As such, only the *Carter* facts will be addressed. These factors are whether Mr. Malhotra: (i) had the power to hire and fire employees; (2) supervised and

---

[1] Citations to "Plaintiffs' Opp. __" refers to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment filed on September 11, 2012.

controlled employee work schedules and conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *See Carter*, 735 F.2d at 12. Mr. Malhotra does not satisfy any of the factors and thus is not an "employer."

Plaintiffs' argument that Mr. Malhotra's activities satisfy the *Carter* factors rest on three faulty assertions. First, Plaintiffs' claim that Mr. Malhotra had the power to hire and fire employees. This is simply not true. Mr. Malhotra testified that he does not hire or fire Indus Valley employees. *See* Malhotra at 49:11-51:4.[2] This fact was confirmed by Phuman Singh, one of the owners of Indus Valley. *See* P. Singh Dep. at 131:14-18, 141:8-15.[3]

Plaintiffs claim that Mr. Malhotra hired Plaintiff Silvano Cabellero for his second stint of employment with Indus Valley and that he allegedly fired some unknown individual. *See* Plaintiffs' Opp. At 10-11. However, Mr. Malhotra did not hire Mr. Cabellero; he merely called him to inform him that he was welcomed back to the restaurant. *See* Cabellero Dep. at 52:19-25.[4] Mr. Cabellero testified further that when he returned for his second stint of employment, it was Harjeet Singh – not Mr. Malhotra – who set his schedule and pay rate. *See* Cabellero Dep. at 76:1-77:4, 81:11-83:3. Thus, it was not Mr. Malhotra who "hired" Mr. Cabellero, but rather Mr. Malhotra was the one that merely communicated a decision made by others that he was welcomed back to the restaurant. As such, the first *Carter* factor weighs against employer status for Mr. Malhotra. *See Zhong v. Mo,* No. 10-cv-0806 (RER), 2012 WL 2923292, *4 (E.D.N.Y. July 18, 2012) (finding individual not to be an "employer" under the FLSA even though the individual communicated the company's decision to terminate plaintiff's employment).

---

[2] The relevant transcript pages of the Deposition of Naresh Malhotra, dated May 21, 2012 are attached as Exhibit A to the Declaration of Glenn S. Grindlinger, Esq. filed simultaneously herewith ("Grindlinger DCL").

[3] The relevant transcript pages of the Deposition of Phuman Singh dated May 11, 2012 are attached as Exhibit B to the Grindlinger DCL.

[4] The relevant transcript pages of the Deposition of Silvano Cabellero, dated June 11, 2012 are attached as Exhibit C to the Grindlinger DCL.

As for Javier De Jesus' claim that Mr. Malhotra fired an employee, it should be disregarded. No other Plaintiff has made any assertion that Mr. Malhotra fired any employees. This is not surprising as Mr. Malhotra did not have the authority to do so. *See* P. Singh Dep. at 131:14-18, 141:8-15. As such, Mr. De Jesus' mistaken belief that Mr. Malhotra fired an unknown individual is of no import. *See Chao v. Vidtape, Inc.*, 196 F.Supp.2d 281, 291 (E.D.N.Y. 2002) (disregarding plaintiffs' mistaken belief that individual was the "boss" and find that the individual was not an employer under the FLSA). Furthermore, Mr. De Jesus wants to have it both ways. He claims that Mr. Malhotra allegedly fired an unknown employee yet he concedes that Mr. Malhotra was not a manager and he did not view him as such. *See* J. De Jesus Dep. at 132:6-132:25.[5] Accordingly, Mr. De Jesus' assertion should be disregarded.

Second, Plaintiffs assert that Mr. Malhotra gave them orders and therefore he is an employer under the law. However, what Plaintiffs misapprehend is the fact the economic realities test focuses not merely on whether the putative employer supervised the workers at issue, but rather, whether the putative employer had responsibility that led to the alleged FLSA and NYLL violations. *See Baystate Alternative Staffing v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998) ("At bottom, [the] economic reality analysis focuse[s] on the role played by the [the individual] in causing the corporation to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits."). There is no dispute that Mr. Malhotra never set employee schedules, did not set policies, and did not determine the employee's work day. Merely asking employees to bring up food from the basement, make a delivery, or pick up items at the market, even if done on a regular basis, is not enough to confer employer status under the FLSA and NYLL. *See Morales v. Cancun Charlie's Restaurant*, No. 3:07-cv-1836

---

[5] The relevant transcript pages of the Deposition of Javier De Jesus, dated May 25, 2012 are attached as Exhibit D to the of Grindlinger DCL.

(CFD), 2010 WL 7865081, at * 5 (D.Conn. Nov. 23, 2010) (holding that individual who instructed and directed kitchen employees was not an employer under the FLSA because she played little to no role in "setting the conditions of employment" that led to the FLSA violation). Therefore, Plaintiffs' assertion that Mr. Malhotra "supervised" them does not weigh in favor of finding him to be an "employer" under the law.

Third, Plaintiffs argue that Mr. Malhotra allegedly paid them, rejected their claims for more pay, and stated that he was a "manager." *See* Plaintiffs' Opp. at 12. Each of these assertions can be dismissed. None of the Plaintiffs claim that Mr. Malhotra paid them. *See* Def. St. F. ¶ 28.[6] The only assertion is by Florentino Allende who alleges that Mr. Malhotra paid him his gratuities once per week. However, Mr. Allende's testimony does not state that Mr. Malhotra paid him gratuities; rather it merely states that Mr. Malhotra would add up the tip receipts at Mr. Allende's request. *See* Allende Dep. at 113:11-24.[7] Mr. Malhotra did not set the policies with respect to gratuities; all he did was add up numbers at Mr. Allende's request. *See id.* This is insufficient to satisfy the third *Carter* factor. *Mendez v. Pizza On Stone, LLC*, No. 11 Civ. 6316 (DLC), 2012 WL 3133522, at *2 (S.D.N.Y. Aug. 1, 2012) (holding that manager was not an employer under the FLSA even though he physically paid plaintiffs).

As for Plaintiffs' claim that Mr. Malhotra rejected their request for "overtime," it relies on the statement of one Plaintiff, who allegedly asked Mr. Malhotra for more money and Mr.

---

[6] "Def. St. F. ¶ __" refer to Defendants' State of Facts dated August 20, 2012 and filed with the Court on that date pursuant to Rule 56.1 of the Local Rules of the Southern and Eastern Districts of New York.
[7] The relevant transcript pages of the Deposition of Florentino Allende, dated June 13, 2012 are attached as Exhibit E to the Grindlinger DCL.

Malhotra said "no." *See* Pl. Opp. at 7.[8] This is not surprising as Mr. Malhotra did not have any authority with respect to employee pay issues. *See* P. Singh Dep. at 131:14-18, 171:25-172:13.

Finally, Plaintiffs' claim that Mr. Malhotra called himself a "manager' is irrelevant as many of the Plaintiffs testified that Mr. Malhotra was not a manager, but rather was a food runner and delivery packer. *See e.g.*, W. Diaz Dep. at 73:3-6; J. De Jesus Dep. at 132:6-132:25. As such, Plaintiffs did not believe that Mr. Malhotra was a manager even if he allegedly referred to himself as such. Accordingly, this factor weights against finding Mr. Malhotra to be an employer under the law.

Plaintiffs concede that the fourth *Carter* factor would weigh against finding Mr. Malhotra to be an employer. *See* Plaintiffs' Opp. 12-13. Therefore, the economic realities show that Mr. Malhotra did not hire or fire employees, did not set policies that led to any alleged violations, and did not play a role in setting pay rates or pay practices. Accordingly, Mr. Malhotra is not an "employer" under the FLSA or NYLL and all claims against him should be dismissed.

## II.     PLAINTIFFS' WERE NOT REQUIRED TO WEAR "UNIFORMS"

Contrary to Plaintiffs' assertions, those Plaintiffs who worked as Delivery Persons were not required to wear a "uniform" as that term is interpreted under the FLSA and the NYLL. Therefore, there was no requirement for Defendants to purchase the clothing for the Delivery Persons nor was their any requirement for Defendants to launder the clothing.

As set forth in Defendants' moving papers, in a series of opinion letters by the United States Department of Labor ("USDOL") and the New York State Department of Labor ("NYDOL"), the clothing allegedly required to be worn by the Delivery Persons does not meet

---

[8]  Defendants also note that the one Plaintiff who allegedly asked Mr. Malhotra for more money did not believe that Mr. Malhotra was a manager. *See* W. Diaz Dep. at 73:3-6. Relevant transcript pages of the Deposition of Wenceslao Diaz, dated July 6, 2012 are attached as Exhibit F to the Grindlinger DCL.

the requirements of a "uniform" under the FLSA or NYLL. *See* U.S.D.O.L. Op. Ltr. FLSA2004-1NA (March 30, 2004) (noting that a requirement that employees wear a navy blue golf shirt and khaki shorts or trousers was not a "uniform" for FLSA purposes because it was "basic ordinary street clothing."); N.Y.D.O.L. Op. Ltr., RO-07-0312 (Feb. 6, 2008) (noting that a requirement that employees wear black dress slacks and a specific color button down shirt was not a uniform under New York law because the pants and shirt "appear . . . to be of the type that can be worn as part of a normal wardrobe[.]").[9] As these opinion letters were written by those governmental agencies charged with enforcing the statutes at issue, they are entitled to "respect" and should be followed. *See Christensen v. Harris County,* 529 U.S. 576, 587 (2000).

Plaintiffs argue that the issue of whether the Delivery Persons is a "uniform" should be left to the trier of fact. Plaintiffs' argument is misplaced as the cases they rely upon can easily be distinguished. Plaintiffs principally rely on *Ayers v. 127 Restaurant Corp d/b/a Le Madri Restaurant,* 12 F.Supp.2d 305 (S.D.N.Y. 1998), which held that there was an issue of fact whether a white shirt, black shoes, and black socks, which had to be dry cleaned constituted a uniform under the FLSA and New York law. As an initial matter, *Ayers* was decided before the aforementioned opinion letters were issued by the USDOL and NYDOL. Had the opinion letters existed and been brought to the attention of the *Ayers* Court, the result would likely have been different as the opinion letters are directly on point. *See Christensen,* 529 U.S. at 587 (2000).[10]

Furthermore, the clothing at issue in *Ayers* had to be dry cleaned. *See Ayers*, 12 F.Supp.2d at 310 ("dry cleaning costs for these items clearly are imposed on the employees").

---

[9] All United States Department of Labor and New York State Department of Labor opinion letter cited in this brief can be found as Exhibits U-Y to the Declaration of Glenn S. Grindlinger, dated August 20, 2012 and filed with the Court on August 20, 2012

[10] Plaintiffs' reliance on *Chan v. Sung Yue Tung Corp. d/b/a/ 88 Palace*, No. 03 civ. 6048, 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007) does not address the USDOL opinion letter and there is no evidence that it was ever brought to the court's attention. The aforementioned NYDOL opinion letter had not yet been issued.

The clothing at bar did not have to be dry cleaned and in fact could have been washed with the employee's regular clothes.[11] *See* Def. St. F. ¶ 48.

The other cases that Plaintiffs cite are also inapposite. In *Nicholson v. Twelfth St. Corp. d/b/a Village Den Rest.*, No. 09 Civ. 1984, 2010 WL 1780957, at *3 (S.D.N.Y. May 4, 2010) and *Ramirez v. CSJ & Co., Inc.*, No. 06 Civ. 13677, 2007 WL 70081, at *2 (S.D.N.Y. Mar. 6, 2007), the clothing at issue had the employer's logo on it, which is not the case at bar. In *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F.Supp.2d 253, 293 (S.D.N.Y. 2011), the clothing at issue included suits, aprons and vests, which are not issue here.

Plaintiffs' argument that there are entitled to a maintenance allowance is also misplaced. Plaintiffs argue that because they were not provided with the required clothing, Defendants do not meet the guidelines for avoidance of the uniform maintenance allowance set forth in the Hospitality Wage Order, 12 N.Y.C.R.R. § 146-1.7(b). However, a uniform maintenance allowance is not required if the required clothing does not constitute a "uniform" under the law. *See* 12 N.Y.C.R.R. § 146-3.10; *see also* 12 N.Y.C.R.R. § 137-3.13. According, the required clothing is not a uniform and therefore no uniform maintenance allowance is required.

### III. DEFENDANTS' DEDUCTION OF THE SERVICE FEES CHARGED BY INTERNET PROVIDERS FROM EMPLOYEE GRATUITIES IS LAWFUL

Plaintiffs admit that both federal and New York law permit an employer to deduct from a gratuity the fee charged by credit card companies for use of the credit card. *See* Plaintiffs Opp. 19. As Plaintiffs concede, the rationale for permitting such deductions is that:

> Before an employee can be entitled to attain any funds on account of a charged customer gratuity, that debited obligation must be converted into cash. The

---

[11] Plaintiffs' argument that the clothing had to be washed specially because of "grease" that was on the clothes is misplaced. The issue is not whether the employees did wash their work clothes with their regular clothes; the issue is whether they could have. *See* U.S.D.O.L. Op. Ltr. WH-511 (July 31, 1981) ("[F]or those uniforms of 'wash and wear' material requiring only washing and tumble or drip drying ***which may be laundered*** with personal garments, a uniform maintenance reimbursement will not be required.") (emphasis added).

> liquidation of the restaurant patron's paper debt to the table server required the predicate payment of a handling fee to the credit card issuer. Accordingly, the employee could only have been entitled to receive the cash proceeds of the charged tip net of liquidation expenses.

*Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 553-54 (6th Cir. 1999).

The rationale that permits employers to deduct credit card fees from employee gratuities applies equally to those fees charged by internet delivery providers. In fact, there is no difference. The internet delivery providers charge restaurants a fee to use their services. Def. St. F. ¶ 56. All internet delivery provider transactions with the customers were conducted electronically; no cash was exchanged. Thus, as with credit card transactions, "before an employee can be entitled to attain any funds [from the transaction], that debited obligation must be converted into cash [and] the employee could only have been entitled to receive the cash proceeds of the charged tip net of liquidation expenses." *Myers*, 192 F.3d at 553-54.

Plaintiffs attempt to distinguish credit card fee deductions from internet delivery providers deductions in two ways. First, relying on *Myers,* they claim that the deduction at issue is an exemption which must be narrowly construed. *See* Plaintiffs' Opp. at 20. However, the *Myers* Court, on an issue of first impression, had no issued with permitting the deduction of credit card fees from employee gratuities even though the statute should be narrowly construed against the employer. *Id.* The result with respect to the internet service providers should be the same.

Second, Plaintiffs claim that the service provided by the credit card companies is not analogous to that of the internet delivery providers. *See* Pl. Opp. at 20. To support their claim, Plaintiffs state that the internet delivery providers charge a higher fee than credit card companies, and provide Indus Valley with new customers, marketing, and advertising. *See id.* at 20-21. However, nothing in the cases or opinion letters that permit employers to deduct credit card fees

suggests that if the credit card companies were to raise their fees to some higher amount the deduction would not be permissible. *See generally, Myers*, 192 F.3d at 553-54; *Widjaja v. Kang Yue USA Corp.*, No. 09-cv-2089 (RRM)(CLP), 2011 WL 4460642, at *11 (E.D.N.Y. Sept. 26, 2011); N.Y.D.O.L. Op. Ltr. (March 11, 2010). Indeed, there is nothing to support Plaintiffs assertion that because internet delivery providers charge higher fees then credit card companies, the deduction should not be permitted. *See id.* As for the advertising, marketing, and new customers that the internet delivery services provide, they are exactly what credit card companies provide. By accepting a specific credit card, the Restaurant gains access to new customers who use the card as well as it reaps the benefits of the marketing and advertising conducted by the credit card company. Thus, there is no difference between the fees charged by credit card companies and internet delivery providers and as such the deduction is permissible.

## CONCLUSION

For the reasons set forth in their moving papers, Defendants respectfully request that the Court grant its Motion for Partial Summary Judgment dismissing all claims against Naresh Malhotra, dismissing Plaintiffs' uniform claims and dismissing in part Plaintiffs' claims concerning the deduction taken from their gratuities for the internet service processing fees; and grant Defendants such other and/or further relief as the Court may deem just and proper.

Dated: New York, New York  
      September 28, 2012

                              FOX ROTHSCHILD LLP

                              By: _____  
                                  Glenn S. Grindlinger, Esq.  
                                  100 Park Avenue, Suite 1500  
                                  New York, New York 10017  
                                  (212) 878-7900

– and –

LAW OFFICES OF RICHARD FELIX
RICHARD Felix, Esq.
108 South Franklin Avenue, Suite 9
Valley Stream, NY 11580
(516) 872-8827

*Attorneys for Defendants*