FOX ROTHSCHILD LLP
Glenn S. Grindlinger, Esq.
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940

– and –

LAW OFFICES OF RICHARD FELIX
Richard Felix, Esq.
108 South Franklin Avenue, Suite 9
Valley Stream, NY 11580
Tel: (516) 872-8827
Fax: (516) 872-8853

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLORENTINO ALLENDE, ANTONIO JUAREZ, SILVANO CABELLERO, ELEUTERIO CALIXTO, JAVIER DE JESUS, SALVADOR DE JESUS, ALEJANDRINO DIAZ, WENCESLAO DIAZ, ADELAIDO GALEANA, RUFINO DE JESUS, NICOLAS GALEANA, and OCTAVIO JUAREZ, <br><br> Plaintiffs, <br><br> -against- <br><br> PS BROTHERS GOURMET, INC. D/B/A INDUS VALLEY, PHUMAN SINGH, LAKHVIR SINGH a.k.a. "BILLA," NARESH MALHOTRA a.k.a. "NEERAJ," and HARJEET SINGH a.k.a. "BOBBY," <br><br> Defendants. | Civil Action No. 11-cv-5427 <br><br> ECF Case |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL AND STAY PROCEEDINGS

Pursuant to Local Civil Rule 1.4, Fox Rothschild LLP, Glenn S. Grindlinger, the Law Offices of Richard Felix, and Richard Felix (collectively "Defendants' Counsel") counsel of record for Defendants for Defendants PS Brothers Gourmet, Inc. d/b/a Indus Valley, Phuman

Singh, Lakhvir Singh a.k.a. "Billa," Naresh Malhotra a.k.a. "Neeraj," and Harjeet Singh a.k.a. "Bobby" (collectively, "Defendants") hereby request permission to withdraw as counsel due to Defendants' non-payment of legal fees. Indeed, Defendants owe Defendants' Counsel in excess of $100,000 in legal fees, and, despite numerous requests, Defendants have not paid Defendants' Counsel any monies since August 2012 despite a promise to make weekly payments. Because of the outstanding legal fees and Defendants' continued failure to pay Defendants' Counsel for its efforts on Defendants' behalf, Defendants' Counsel's continued representation of Defendants with respect to the pending litigation is untenable and withdrawal is necessary and proper.

## I.   STATEMENT OF FACTS

For the facts setting forth the basis of the instant motion, Defendants' Counsel refers the Court to the Declaration of Glenn S. Grindlinger, Esq. in Support of Motion to Withdraw as Counsel and Stay Proceeding filed simultaneously herewith.

## II.  ARGUMENT

### A.   Withdrawal is Proper in this Case Due to Defendants' Stated Failure to Pay Legal Bills

Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record," sates that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Under Local Civil Rule 1.4, it is well settled that "non-payment of counsel fees is a proper basis for withdrawal." *Century Jets Aviation, LLC v. Alchemist Jet Air, LLC*, Nos. 08-cv-9892, 09-cv-7659, 2009 WL 4035642, at *2 (S.D.N.Y Nov. 23, 2009) (*citing Melnick v. Press*, No. 06-cv-6686, 2009 WL 2824586, at *10 (E.D.N.Y. Aug. 28, 2009); *see also Centrifugal Force, Inc. v.*

*SoftNet Commc'n, Inc.*, No. 08-cv-5463, 2009 WL 969925, at *2 (S.D.N.Y. Apr. 7, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw."); *HCC, Inc. v. R G & M Mach. Co.*, No. 96-cv-4920, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) (holding that a client's failure to pay legal fees is "a satisfactory reason justifying [an attorney's] motion for leave to withdraw.") a client's lack of communication, and inability to pay legal fees constitute "satisfactory reasons" for withdrawal as counsel).

Defendants currently owe Defendants' Counsel over $100,000 in unpaid legal fees. In early August 2012, Defendant Phuman Singh, on behalf of all Defendants, agreed to a payment plan for Defendants' Counsel's outstanding fees, which required Defendants to make weekly payments. Unfortunately, Defendants have not complied with the terms of the payment plan and have not paid Defendants' Counsel any monies since August 2012. Since Defendants' last payment, Defendants' Counsel has emailed Defendant Phuman Singh on numerous occasions regarding the outstanding legal fees; Mr. Singh has not responded to Defendants' Counsel's emails. Because of the substantial amount in outstanding legal fees owed by Defendants to Defendants' Counsel, it is appropriate for Defendants' Counsel to withdraw. *See id; see also Callaway Golf Co. v. Corporate Trade Inc.*, No. 10 Civ. 1676(GBD)(JCF), 2011 WL 2899192, at *5 (S.D.N.Y. July 6, 2011) (granting leave for attorney to withdraw as counsel because party owed over $17,000 in legal fees to the attorney); *Stair v. Calhoun*, 722 F.Supp.2d 258, 266-67 (E.D.N.Y. 2010) (granting leave for attorney to withdraw as counsel because party owed over $57,000 in legal fees to the attorney).

### B. Withdrawal is Proper Based on the Current Posture of this Case

Local Civil Rule 1.4 also directs the Court to consider "the posture of the case, including the position, if any, on the calendar." At the present time, discovery in this matter is closed.

Defendants' Motion for Partial Summary Judgment has been filed and is currently under review by this Court. Should Defendants need additional legal services related to this proceeding after the Court rules on Defendants' motion, Defendants will have sufficient time to find replacement counsel in advance of any further proceedings. Nevertheless, to ensure that Defendants have sufficient time, Defendants' Counsel hereby requests a brief stay of 30 days so that Defendants can obtain other counsel. *See, e.g., Century Jets Aviation, LLC*, 2009 WL 4035642, at *3 (granting request for a thirty day stay so party could obtain new counsel); *Centrifugal Force, Inc.*, 2009 WL 969925, at *2 (requiring party to notify the Court within 30 days if the party has obtained new counsel after granting motion for then-current counsel to withdraw); *HCC, Inc.*, 1998 WL 411313, at *1 (granting litigant 30 days to find new counsel after granting counsel's motion to withdraw). Defendants' rights will therefore remain protected, and Defendants will not be prejudiced pending the resolution of Defendants' Partial Motion for Summary Judgment. As such, the Court should grant a brief 30-day stay for Defendants to find new counsel

### III. CONCLUSION

For all the foregoing reasons, including the matters set forth above and in the Declaration of Glenn S. Grindlinger, Defendants' Counsel respectfully requests that this Court grant their Motion to Withdraw as Counsel for the Defendants in this matter.

Dated:   New York, New York
         October 18, 2012

                                             **FOX ROTHSCHILD LLP**

                                             _____
                                             Glenn S. Grindlinger, Esq.
                                             100 Park Avenue, Suite 1500
                                             New York, New York 10017
                                             Tel: (212) 878-7900
                                             Fax: (212) 692-0940

                                             – and –

LAW OFFICES OF RICHARD FELIX
Richard Felix, Esq.
108 South Franklin Avenue, Suite 9
Valley Stream, NY 11580
(516) 872-8827

*Attorneys for Defendants*